IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. SAIZ,

        Petitioner,

v.                                                  Case No. 08-10106-14-JTM

UNITED STATES OF AMERICA,

        Respondent.

ORDER

On December 14, 2012, Robert D. Saiz filed his § 2255 petition (Dkt. 884), claiming that ineffective assistance of counsel induced his guilty plea. Along with his petition, Saiz filed a motion requesting additional time to file his memorandum of law in support. *See* Dkt. 885. The court granted him sixty days to file his memo. The petitioner filed a second motion with the court requesting another extension of 120 days. *See* Dkt. 888. The court granted the extension with a warning that no more extensions would be allowed. The deadline was June 12, 2013. A Motion to Withdraw the § 2255 Petition (Dkt. 891) was filed on April 2, 2013, asking the court to dismiss the petition with prejudice. The court granted the motion on April 4.

The court now has before it Saiz's Motion for Leave to Resubmit § 2255 Motion (Dkt. 907), which he filed on August 19, 2013. Saiz claims that another inmate filed the prior Motion to Withdraw in an act of vengeance against him. He claims that the other inmate had worked on Saiz's § 2255 petition, but Saiz had been unable to finish paying him before the other inmate was transferred. Using documents Saiz had signed, the

other inmate filed the Motion to Withdraw with Saiz's signature on it, out of spite. Saiz now asks the court to grant him leave to submit his § 2255 petition again.

The court denies Saiz's motion. The deadline for Saiz to file a memoranda in support of his § 2255 petition was June 12, 2013. Regardless of who filed the Motion to Withdraw, Saiz is now out of time to supplement his bare bones § 2255 petition. As the court shows below, even if it were to consider Saiz's bare § 2255 petition, the petition falls quite short of the required standard.

"The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct." *United States v. Smith*, No. 05-20104-01-KHV, 2010 WL 1816331, at *2 (D. Kan. Mar. 1, 2010) (citing *Klein v. United States*, 880 F.2d 250, 253 (10th Cir.1989)). The defendant must show a defect in the proceedings that resulted in a complete miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974).

Saiz claims ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim "the defendant must show that counsel's performance was deficient . . . [and] the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (alterations added). An attorney must give reasonably effective assistance in light of prevailing professional norms. *Id.* at 687–88. The burden is on the defendant to show that the attorney's "representation fell below an objective standard of reasonableness." *Id.* at 688. This means that a petitioner must allege specific and particularized instances of ineffective representation; "'[c]onclusory allegations will not suffice to warrant a hearing.'" *Hatch*

2

*v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (quoting *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10th Cir. 1986)).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Prejudice exists if counsel's acts or omissions "would have raised in a juror's mind a reasonable doubt concerning his guilt." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004) (citing *Strickland*, 466 U.S. at 694–95).

Saiz states that "[t]rial counsel did not try to prosecute the case, and . . . gather evidence as requested by petitioner that would have proved his innocence, but rather became an advocate for the government." Saiz also states that "[t]rial counsel convinced petitioner that he would get less time for the lesser count of the Indictment if he would plead guilty, instead of fighting for his [innocence] for the charges in the indictment. Also to sign a waiver."

These bare accusations of his trial counsel's ineffectiveness would have failed even if the court had not already dismissed the petition with prejudice. Saiz makes only conclusory allegations of his counsel's deficiency, which "will not suffice to warrant a hearing." *See Hatch*, 58 F.3d at 1457. Saiz also provides no facts or argument supporting "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

3

The court gave Saiz six months in extensions to file a memoranda in support of his petition. He never filed one. The court has no way of knowing the truth of Saiz's allegations regarding the "other inmate" filing a Motion to Withdraw to spite Saiz; However, even a cursory analysis of Saiz's § 2255 petition reveals that it would have been denied if the court had issued a ruling on its merits rather than dismissing it with prejudice. Therefore, the court denies Saiz's motion for leave to resubmit his § 2255 petition.

IT IS THEREFORE ORDERED this 10th day of September, 2013, that Saiz's Motion for Leave to Resubmit is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE