IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. SAIZ,

        Petitioner,

v.                                               Case No. 08-10106-14-JTM

UNITED STATES OF AMERICA,

        Respondent.

ORDER

On December 14, 2012, Robert D. Saiz filed his first § 2255 petition (Dkt. 884), claiming that ineffective assistance of counsel induced his guilty plea. Along with his petition, Saiz filed a motion requesting additional time to file his memorandum of law in support. *See* Dkt. 885. The court granted him sixty days to file his memo. The petitioner filed a second motion with the court requesting another extension of 120 days. *See* Dkt. 888. The court granted the extension with a warning that no more extensions would be allowed. The deadline was June 12, 2013. Saiz filed a Motion to Withdraw the § 2255 Petition (Dkt. 891) on April 2, 2013, asking the court to dismiss the petition with prejudice. The court granted the motion on April 4, 2013.

On August 19, 2013, Saiz filed a Motion for Leave to Resubmit § 2255 Motion (Dkt. 907). The court denied Saiz's motion as moot, explaining that the deadline to file a memoranda in support of his § 2255 petition had passed two months before. The court also noted that Saiz's petition fell short of the required standard for claiming ineffective assistance of counsel because he failed to allege a reasonable probability of a different

outcome in the proceedings if not for counsel's missteps. Saiz filed his second Motion to Vacate under 28 U.S.C. § 2255 on March 28, 2014, which is now before the court.

As Saiz has previously sought relief under § 2255, his claims come in the form of a successive § 2255 petition. *See United States v. Silva*, 423 Fed. App'x 809, 811 (10th Cir. 2011). To file a second or successive § 2255 petition, Saiz must first receive authorization from the Tenth Circuit. *See Thornbrugh v. United States*, 424 Fed. App'x 756, 759 (10th Cir. 2011). Saiz sought permission from the U.S. Court of Appeals for the Tenth Circuit to file a second or successive § 2255 petition. *See* Dkt. 914. The Tenth Circuit denied his request without a hearing. *See* Dkt. 915.

Saiz filed his petition with the district court despite the Tenth Circuit's denial of permission. His petition seeks relief from his conviction and sentence, rather than a correction in the previous habeas proceeding, so the court must construe it as a § 2255 petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). A district court does not have jurisdiction to address the merits of a second or successive § 2255 until the Tenth Circuit has granted the required authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *Nelson,* 465 F.3d at 1148). The district court has no subject matter jurisdiction to consider Saiz's successive § 2255 petition because the Tenth Circuit did not grant him permission to file. The court dismisses the petition for this reason.

IT IS THEREFORE ORDERED this 27th day of May, 2014, that Saiz's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 916) is dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE