IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 6:08-cr-10106-JTM-14
                                          Case No. 6:16-cv-01322-JTM

ROBERT D. SAIZ,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a letter sent by defendant Robert Saiz to the Clerk of the Court. At the direction of the court, the letter was filed and initially docketed as a motion under 28 U.S.C. § 2255 (Dkts. 952, 953). The court now concludes the letter is more properly characterized as a motion for sentence reduction under 18 U.S.C. § 3582(c) and, for the reasons discussed below, that it should be denied.

In the letter, defendant asserts that U.S. Sentencing Guideline Amendment 794 applies to him, and he asks the court to appoint counsel to assist him with this matter. A review of the record conclusively shows that defendant is not entitled relief on the request.

On October 6, 2009, defendant pled guilty to one count of possession with intent to distribute approximately 253.7 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a) & (b)(1)(A) and 18 U.S.C. § 2. Dkt. 557. A Presentence Report (PSR) determined that defendant's base offense level was 34. Dkt. 630 at 14. He received a 3-

level reduction for acceptance of responsibility (USSG § 3E1.1(a) & (b)), resulting in an adjusted offense level of 31. With a Criminal History Category of VI, his guideline range for imprisonment was 188 to 235 months. No objections to the PSR were filed. As reflected in the judgment entered on December 20, 2011, the court sentenced him to 156 months' imprisonment. Dkt. 854. No direct appeal was filed, and defendant's subsequent motions for relief under 28 U.S.C. § 2255 were unsuccessful.

A district court has jurisdiction to modify a term of imprisonment once it has been imposed if the defendant's sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission," if such a reduction is consistent with the Commission's policy statements. 18 U.S.C. § 3582(c)(2). This is apparently the provision defendant relies on, given that he cites Amendment 794, which became effective well after his judgment became final. But Amendment 794 did not lower defendant's sentencing range (it only clarified the factors applicable to a minor role reduction), and it is not retroactively applicable to his case. Accordingly, the Amendment has no effect on defendant's sentence and provides no basis for relief. *See United States v. Fouse*, 2016 WL 4516066, *2 (N. D. Ok. 2016) (Amendment 794 cannot be applied retroactively).

**IT IS THEREFORE ORDERED** this 1st day of September, 2016, that defendant's motion for relief (Dkts. 952, 953) is DENIED.

s/   J. Thomas Marten<br>
J. THOMAS MARTEN, Judge