IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 08-10106-14-JTM

ROBERT D. SAIZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a Motion to Reduce Sentence (Dkt. 969) by defendant Robert Saiz. The motion seeks a reduction in defendant's sentence based on Amendment 782 to the U.S. Sentencing Guidelines, which reduced offense levels in the Drug Quantity Table of USSG § 2D1.1. As explained below, defendant is not eligible for a reduction because the sentence he received is already below the guideline range that would result from applying Amendment 782. The motion is accordingly denied.

Defendant pled guilty to one count of possession with intent to distribute 50 grams or more (approximately 253.7 grams) of actual methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). A Presentence Report (PSR) was prepared finding that defendant's guideline range was 188 to 235 months, based on a total offense level of 31[1] and a Criminal History Category of VI. (Dkt. 630). Prior to sentencing, defendant absconded and a warrant was issued for his arrest. About a year later, he was arrested

---

[1] This figure reflected a base offense level of 34 and a 3-level reduction for acceptance of responsibility.

in Mexico and was returned to this district. Defendant was separately charged with criminal failure to appear (Case No. 11-10121-01-JTM) and entered a plea of guilty to that offense.

The two cases were consolidated for sentencing, and an Amended PSR was prepared. Under the Amended PSR, defendant's prior 3-level reduction for acceptance of responsibility was eliminated. (Dkt. 848).[2] Thus, instead of the adjusted level 31 he faced under the original PSR, defendant was subject to an adjusted level of 34, which resulted in an advisory guideline range of 262 to 327 months.[3] (Dkt. 855). The court granted defendant's motion for a departure and a variance from that range and sentenced him to a term of 156 months in Case No. 08-10106 (Dkt. 854), and to a 24-month consecutive term in Case No. 11-10121, for a total sentence of 180 months.

Defendant now moves to reduce his sentence pursuant to Amendment 782. He argues the amendment effectively reduces his base offense level from 34 to 32, and further contends his adjusted offense level would be 27 with the amendment, resulting in a revised guideline range of 130 to 162 months. (Dkt. 969 at 2). Defendant apparently arrives at an adjusted level of 27 by claiming a 3-level reduction for acceptance of responsibility and a 2-level reduction for minor role in the offense that was allegedly granted by the court. (Dkt. 969 at 2).

---

[2] The Amended PSR also recommended a 2-level enhancement for obstruction of justice under USSG § 3C1.1, but the court found that eliminating the 3-level reduction for acceptance of responsibility was sufficient and that the obstruction enhancement should not be applied. (*See* Dkt. 855).

[3] In a prior order denying defendant's motion for a reduction under a different sentencing guideline amendment, the court mistakenly stated that defendant was subject to a guideline range of 188 to 235 months. (Dkt. 954). That error, which did not affect the previous ruling, resulted from the court citing the original PSR rather than the Amended PSR.

As indicated previously, however, defendant's guideline range at the time of sentencing was actually 262 to 327 months. That range was derived from a base (and total) offense level of 34. He received no reduction for acceptance of responsibility and no reduction for minor role in the offense. Applying Amendment 782 would only lower defendant's offense level from 34 to 32.[4] Such a reduction would still subject him to a revised guideline range of 210 to 262 months. Because defendant's actual sentence was well below the guideline range as amended by Amendment 782, he is not eligible for a reduction.

Under 18 U.S.C. § 3582(c)(2), a defendant must overcome three distinct hurdles before obtaining a sentence reduction. *United States v. Toombs*, ___F.App'x ___, 2017 WL 4817356 (10th Cir. Oct. 25, 2017) (citing *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017)). First, he must show he was sentenced based on a guideline range that the Sentencing Commission has subsequently lowered. *Id.* Second, he must show that his request for reduction is consistent with the Commission's policy statements regarding § 3582(c)(2), which appear at USSG § 1B1.10. *Id.* Third, he must convince the court that he is entitled to relief in light of the factors in 18 U.S.C. § 3553(a). *Id.*

In this case, defendant fails to meet the second requirement, because a reduction would not be consistent with the Commission's policy statements in § 1B1.10. Those statements provide, with one exception not applicable here, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this

---

[4] *See* U.S. Sentencing Guidelines Manual, Supp. to app. C, Amend. 782 ("Section 2D1.1(c)(4) (as so redesignated) is amended by striking 'Level 34' and inserting 'Level 32'.").

policy statement to a term that is less than the minimum of the amended guideline range….” § 1B1.10(b)(2)(A). The minimum of defendant's amended range is 210 months. The sentence he received was well below that minimum; he is thus ineligible for a reduction under Amendment 782.

**IT IS THEREFORE ORDERED** this 9th day of November, 2017, that defendant's Motion to Reduce Sentence (Dkt. 969) is DENIED.


___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE